UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dana H.,[1]

        Plaintiff,

v.

Martin J. O'Malley, *Commissioner of Social Security*,

        Defendant.

Case No. 23-CV-01912 (JMB/DJF)

**ORDER**

---

Edward C. Olson, Reitan Law Office, Minneapolis, MN, and Clifford Michael Farrell, *pro hac vice*, Manring & Farrell, Dublin, OH, for Plaintiff Dana H.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Defendant Martin J. O'Malley.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Dulce J. Foster, dated June 12, 2024, which recommends denying Plaintiff Dana H.'s appeal of the Commissioner of Social Security Martin J. O'Malley's (the Commissioner) denial of her application for supplemental security income (SSI). (Doc. No. 26.)  Plaintiff timely objected to the R&R.  (Doc. No. 27.)  The Commissioner did not respond.  For the reasons discussed below, the Court overrules Plaintiff's objections and adopts the R&R.

---

[1] This District has adopted a policy of using only the first name and last initial of any non-governmental parties on orders in Social Security matters.

1

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Further, because the R&R provides a detailed history, the Court only briefly summarizes it here.

In February 2018, Plaintiff filed an application for SSI on grounds that she was disabled, as defined in the Social Security Act (SSA), due to diagnoses of fibromyalgia, depression, anxiety, post-traumatic stress disorder (PTSD), and myofascial pain syndrome. (Doc. No. 15 at 103–04, 109.) The ALJ followed the five-step process set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), determining the following: (1) Plaintiff had not engaged in "substantial gainful activity" since the application date; (2) Plaintiff had the severe impairments of PTSD, generalized anxiety disorder, major depressive disorder, fibromyalgia syndrome, myofascial pain syndrome, and osteoarthritis of the knee; (3) Plaintiff had no impairments that met the criteria of listed impairments for disability benefits under 20 C.F.R. Part 404, Subpart P, App'x 1; (4) Plaintiff had the residual functional capacity (RFC) to interact appropriately with coworkers and the general public on an occasional basis; and (5) Plaintiff could work available jobs based on her RFC, age, education, and work experience. (Doc. No. 15 at 128–36.) Based on these findings, the ALJ concluded that Plaintiff was not entitled to SSI benefits. Thus, the ALJ determined that Plaintiff was not disabled and, therefore, not eligible for SSI benefits. (Doc. No. 15 at 137.)

Plaintiff commenced this action seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g).

## DISCUSSION

In the RFC, the ALJ determined that Plaintiff "can interact appropriately with coworkers and the general public *on an occasional basis*." (Doc. No. 15 at 132 (emphasis added).) Plaintiff objects to this determination, asserting that it is "materially inconsistent" with the opinions of Michael Cremerius, PhD, and Jeffrey Boyd, PhD. (*See* Doc. No. 15 at 135.) The Court concludes that the ALJ weighed these two opinions in light of the entire record and adequately explained how they evaluated conflicting evidence.

When considering a party's objections to an R&R, the Court conducts a de novo review of the record to determine whether substantial evidence supports the ALJ's decision. 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance," but enough for a reasonable mind to find adequate to support the ALJ's conclusion. *Cox. v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (quotation omitted). When reviewing the record for substantial evidence, the Court cannot substitute its own judgment or findings of fact for those of the ALJ. *Hilkemeyer v. Barnhart*, 380 F.3d 441, 445 (8th Cir. 2004). Nor will a reviewing court disrupt the ALJ's determinations of credibility and weighing of conflicting evidence. *See Austin v. Kijakazi*, 52 F.4th 723, 731 (8th Cir. 2022) (noting that it is not the role of the reviewing court to reweigh conflicting evidence presented to the ALJ); *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (2018) ("This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence.") (citation omitted). When the record includes conflicting evidence that could support contrary outcomes, reviewing courts will not reverse the ALJ, even if that court would have decided the case differently. *McKinney v. Apfel*, 228 F.3d

860, 863 (8th Cir. 2000); *see also, e.g.*, *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (noting that court will not reverse ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice'"); *Culbertson v. Shalala*, 39 F.3d 934, 939 (8th Cir. 1994) (noting that the possibility that a court could draw two inconsistent conclusions from the same record does not preclude a determination that substantial evidence supported the Commissioner's decision).

The RFC is defined as the upper limit of a claimant's ability given the claimant's mental and physical impairments. 20 C.F.R. § 404.1545(a); *see also Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001) ("Residual functional capacity . . . is defined as what the claimant can still do despite his or her physical or mental limitations") (quotation omitted). An applicant for SSI has the burden to prove their RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). ALJs are directed to determine a claimant's RFC based on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (quotation omitted). The RFC determination is a medical question, *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016), and the ALJ may consider the opinions of medical professionals but need not give deference or controlling weight to any one medical opinion. 20 C.F.R. § 416.920c(a); *see also Burns v. Saul*, No. C18-72-LTS, 2020 WL 13548685, at *7 (N.D. Iowa Jan. 10, 2020) (citing *Van Sickle v. Astrue*, 385 F. App'x 739, 743 (9th Cir. 2010) for the proposition that an ALJ is not required to incorporate every limitation recommended in a medical opinion). Nor is the ALJ required "to articulate how [sh]e considered each medical opinion or prior

4

administrative medical finding from one source individually." 20 C.F.R. § 404.1520c(b)(1).  Instead, the ALJ is required to synthesize "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations" to establish the claimant's maximum capability for work.  *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quotation omitted); 20 C.F.R. § 404.1520c(a), (c)(5).

Here, the ALJ acknowledged that Dr. Cremerius's opinion included a conclusion that Plaintiff can "tolerate brief and superficial contact with coworkers and supervisors but no contact with the public."  (Doc. No. 15 at 135.)  However, the ALJ explained that they "ha[ve] not adopted each and every limitation" offered by Dr. Cremerius because "more recent evidence and the hearing testimony better support the RFC.  They document the claimant's benefit with treatment, multiple friendships and close relationships, and her ability to engage in a wide range of daily activity." (*Id.*)  Similarly, the ALJ acknowledged that Dr. Boyd's opinion included his assessment that Plaintiff can "tolerate brief and superficial public and coworker contact."  (*Id.*)  However, the ALJ again declined to adopt the limitations noted by Dr. Boyd "because newer records and the claimant's testimony better support the RFC."  (*Id.*; *see also* Doc. No. 15 at 136.)

The Court notes that Dr. Cremerius and Dr. Boyd offered their opinions in spring and summer 2020, respectively (*see* Doc. No. 15 at 113; Doc. No. 15-4 at 291), and they could not have reviewed or incorporated evidence that post-dates their opinions.  20 C.F.R. § 416.945(a); *see also, e.g.*, *Schmitt*, 27 F.4th at 1360 (noting that the ALJ must consider all the evidence, including a claimant's own description of limitations).  For example, these

5

opinions could not have incorporated Plaintiff's own testimony at the hearing during which Plaintiff acknowledged her ability to have social engagements, maintain friendships, communicate with a roommate, and complete errands requiring public interaction. (Doc. No. 15 at 40, 44–48, 53; Doc. No. 15-5 at 259, 281; Doc. No. 15-6 at 228–29, 251). In addition, when asked by the ALJ whether she could perform work on her own with limited interaction with others, Plaintiff identified only physical limitations to such a hypothetical workplace. (Doc. No. 15 at 44–45). Finally, the ALJ relied on evidence in the record that Plaintiff has the ability to interact with others in the workplace:

> The record reflects that [Plaintiff] has received benefit from treatment; many of her mental status examinations are entirely normal, and her daily activities support that she is able to tolerate interaction with others in the community as well as closer personal friends; engage in cognitively-demanding tasks; and adhere to a schedule.

(Doc. No. 15 at 136.)

This evidence provides ample support for the ALJ's RFC determination as well as its underlying factual determinations that Plaintiff "fills her days visiting with others, engaging in hobbies, and completing daily chores," and that her "daily activities are diverse and include a variety of chores, errands, and social visits." (Doc. No. 15 at 134.) In addition, the ALJ explained that they discounted the portions of the opinions at issue relating to Plaintiff's ability to interact with others because those portions were not consistent with other, more recent evidence in the record. As noted above, the Court cannot reweigh conflicting evidence and is therefore compelled to overrule the objection.

**ORDER**

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. Plaintiff Dana H.'s objection to the June 12, 2024 R&R (Doc. No. 26) is overruled;

2. The June 12, 2024 R&R (Doc. No. 26) is ADOPTED; and

3. This matter is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 16, 2024            /s/ *Jeffrey M. Bryan*
                                     Judge Jeffrey M. Bryan
                                     United States District Court